United States District Court
Southern District of Texas
**ENTERED**
August 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY ANTHONY COLE, SR., <br> TDCJ #2260130, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. H-21-3050 |
| DIRECTOR L. DAVIS, et al., | § <br> § <br> § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Gary Anthony Cole, Sr. (TDCJ #2260130; former BOP #22707-077), is a state inmate incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Cole filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against several prison officials and health-care providers. After dismissing several of the defendants, the court authorized summons to issue for three of the health-care providers on July 14, 2022 (Order of Partial Dismissal and Order to Issue Summons ("Order"), Docket Entry No. 22), and advised Cole that it was his responsibility to present proof of service within 90 days under Rule 4(m) of the Federal Rules of Civil Procedure.

Although the court granted Cole two extensions of time, no defendant has filed an answer and no proof of service has been completed and filed as required by Rule 4(m). Instead, Cole has

filed the following: (1) Motion for Proof of Service of Summons and Complaint on the Defendants, Certified, Return Green Card ("Motion for Proof of Service") (Docket Entry No. 44); (2) Motion to Show Cause and Proof of Service as to Rule Four (4) of Federal Rules of Civil Procedures ("Plaintiff's Motion to Show Cause") (Docket Entry No. 45); (3) Motion to Serve Summons and Complaint on the State[']s Attorney General of Texas, Ken Paxton and Assistant Attorney General Marlayna Ellis, Attorneys for the Defendants ("Motion to Serve the Attorney General") (Docket Entry No. 46); and (4) Motion to Waive Service of Summons and Complaint on the Defendants ("Motion to Waive Service") (Docket Entry No. 48). After considering the record and the applicable law, the court will deny Cole's motions and dismiss this action for the reasons explained below.

## I. Background and Procedural History

On September 9, 2021, Cole executed a Complaint against the following defendants in connection with a bus accident that occurred on February 26, 2020: (1) former TDCJ Director Lorie Davis; (2) current Director Bobby Lumpkin; (3) Officer Jones; (4) Dr. Steven Kim; (5) Nurse Practitioner ("N.P.") Tanesha Tran; (6) Dr. Betty Williams; and (7) Practice Manager K.H. Mott.[1] Cole has filed a More Definite Statement with additional details about

---

[1] Complaint, Docket Entry No. 1, pp. 3-5, 9. For purposes of identification all pagination refers to the page numbers imprinted by the court's Electronic Case Filing ("ECF") system.

his allegations,[2] and the State Attorney General's Office has supplemented the pleadings with a report under Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) ("Martinez Report").[3]

Cole alleges that Officer Jones caused the bus accident by crashing into a guardrail after he let go of the steering wheel to remove his coat while driving.[4] The bus was transporting Cole and 20 other inmates from the John Sealy Hospital in Galveston, which is operated by the University of Texas Medical Branch ("UTMB Hospital"), to the Estelle Unit in Huntsville, where Cole was assigned at the time.[5] After the accident the inmates were placed on another bus and returned to the UTMB Hospital in Galveston.[6]

Cole contends that Dr. Kim examined him at the UTMB Hospital, but did not provide him with any care for his complaints of pain in his neck, back, left foot, and left wrist.[7] Instead, Dr. Kim advised Cole that further treatment could wait until he arrived at his unit of assignment.[8] When Cole arrived at the Estelle Unit in

---

[2] More Definite Statement ("Plaintiff's MDS"), Docket Entry No. 14.

[3] Martinez Report, Docket Entry No. 19.

[4] Complaint, Docket Entry No. 1, p. 5; Plaintiff's MDS, Docket Entry No. 14, p. 2 (Response to Questions 3E and 4).

[5] Plaintiff's MDS, Docket Entry No. 14, pp. 2, 3 (Response to Questions 3C and 6).

[6] Complaint, Docket Entry No. 1, p. 6.

[7] Id.; Plaintiff's MDS, Docket Entry No. 14, p. 3 (Response to Question 9C).

[8] Plaintiff's MDS, Docket Entry No. 14, pp. 3-4 (Response to Questions 9B and 9E).

Huntsville, he was seen by N.P. Tran and Dr. Williams.[9] X-rays were taken of Cole's back, foot, and wrist at the Estelle Unit.[10] Cole complains that N.P. Tran and Dr. Williams treated him with Ibuprofen, but denied his request to be seen for follow-up care by a specialist.[11]

On July 14, 2022, the court dismissed Cole's negligence claims against Officer Jones for failure to state a claim upon which relief could be granted under 42 U.S.C. § 1983.[12] The court also dismissed Cole's claims against former Director Davis, current Director Lumpkin, and Practice Manager Mott for lack of personal involvement.[13] The court authorized summons to issue for Dr. Kim, Dr. Williams, and N.P. Tran regarding Cole's claim that he was denied adequate medical care.[14]

---

[9]See id. at 4 (Response to Questions 10 and 10A).

[10]See id. at 7 (Response to Questions 15-5 and 15-6).

[11]Id.

[12]Order, Docket Entry No. 22, pp. 3-4 ¶ 4.

[13]Id. at 4 ¶ 5.

[14]Id. at 2. The Martinez Report contains over 2000 pages of medical records of care that Cole has received between November 1, 2019, and February 28, 2021. See Martinez Report, Exhibits A-B, Docket Entry Nos. 19-1 through 19-10. Where the medical records demonstrate consistent care, any claim that a prisoner was denied medical treatment lacks merit. See Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); McCord v. Maggio, 910 F.2d 1248, 1251 (5th Cir. 1990) (upholding the dismissal of a deliberate indifference to medical needs claim where medical records document that the prisoner was not denied medical attention). The court elected to authorize service rather than rely on the records provided with the Martinez Report. See Davis v. Lumpkin, 35 F.4th 958, 964 (5th Cir. 2022) (discouraging reliance on Martinez Reports to resolve a prisoner's claim that he was denied adequate medical care).

In the Order that issued on July 14, 2022, the court advised Cole that he was responsible for effecting service of process on the remaining defendants because he was not eligible to proceed in forma pauperis.[15] See Fed. R. Civ. P. 4(c)(3). The court specifically advised Cole that he was responsible for providing proof of service to the court within 90 days.[16] Proof of service was due by October 12, 2022. Cole was warned that his failure to provide proof of service within the time allowed may result in dismissal of this action pursuant to Fed. R. Civ. P. 4(m).[17]

Consistent with the Order dated July 14, 2022, the Clerk's Office provided Cole with Summonses for the three defendants at the addresses he provided and a copy of the Order (Docket Entry No. 22).[18] On July 27, 2022, Cole requested an extension of time to serve the defendants, stating that he did not have copies of the

---

[15] See id. at 2-3 ¶ 2. Cole is not eligible to proceed in forma pauperis because he is barred by the "three-strikes" rule found in 28 U.S.C. § 1915(g), for filing three or more frivolous civil actions. See In re Gary Anthony Cole, No. 03-10745 (5th Cir. Feb. 3, 2004) (unpublished) (concluding that Cole is barred from proceeding in forma pauperis due to prior strikes in Cole v. Curtis, No. 4:98-CV-837 (N.D. Tex. April 28, 1999); Cole v. Peavy, No. 4:98-CV-838 (N.D. Tex. Jan. 14, 2000); Cole v. Power, No. 4:98-CV-839 (N.D. Tex. Jan. 14, 2000); and Cole v. Ware, No. 4:98-CV-840 (N.D. Tex. June 7, 2000)); see also Cole v. Frito Lays, 3:15-CV-1875 (N.D. Tex. Aug. 19, 2015) (dismissing the civil action as barred by the three-strikes rule).

[16] Id. at 2-3 ¶ 2.

[17] Id. at 3 ¶ 2.

[18] Docket Entry No. 22 dated July 14, 2022 (reflecting that summonses and copies of the Complaint were to be sent to Cole by first-class mail).

Complaint.[19] The record shows that three copies of the Complaint were provided to Cole at his request on July 28, 2022.[20] On August 2, 2022, the court extended the time for Cole to effect service by 20 days.[21] As a result, the deadline for providing proof of service was extended to November 1, 2022.

On September 15, 2022, Cole sent a letter advising the court that the Summons and Complaint that he attempted to send to Dr. Kim were returned as undeliverable.[22]

On November 3, 2022, the court received a Motion for Default Judgment from Cole, arguing that he had attempted service of process on the defendants by regular mail on July 29, 2022.[23] Because the defendants had not filed an answer, Cole moved for a judgment by default.[24]

On November 7, 2022, the State Attorney General's Office filed an Amicus Curiae Advisory Regarding Substitution of Attorney-in-Charge and Service ("Advisory"), observing that a default judgment was not warranted because Cole had not provided proof of service for the defendants.[25] The Attorney General's Office stated that

---

[19]Motion for Extension of Time to Serve the Defendants With a Copy of the Complaint, Docket Entry No. 23, p. 2.

[20]See Correspondence, Docket Entry No. 25.

[21]See Order, Docket Entry No. 27, p. 2.

[22]Letter, Docket Entry No. 30, p. 1.

[23]Motion for Default Judgment, Docket Entry No. 33, p. 2.

[24]See id.

[25]See Advisory, Docket Entry No. 34, p. 2.

Cole had not attempted proper service using registered or certified mail, return receipt requested, in compliance with Rule 4(e) of the Federal Rules of Civil Procedure.[26]

On November 16, 2022, Cole acknowledged that he had not completed service of process within the time allowed and requested additional time to serve the defendants.[27] The court issued an Order to Show Cause on December 2, 2022, giving Cole notice that his case could be dismissed under Rule 4(m) if he fails to timely respond to the Order to Show Cause or if his response fails to demonstrate good cause for his failure to complete service as directed previously within the time allowed.[28]

Cole filed a response to the Order to Show Cause, pointing to his status as an indigent prisoner and assuring the court that he had served the defendants as required by Rule 4.[29] On March 16, 2023, the court granted Cole a final extension of sixty additional days to present proof of service.[30] To date there has been no answer to the Complaint, and there is no evidence in the record showing that Cole has served any of the defendants as required within the extended deadline.

---

[26]See id.

[27]Motion to Correct Errors, Docket Entry No. 35, p. 2.

[28]Order to Show Cause, Docket Entry No. 36, pp. 4-5.

[29]Response to the Order to Show Cause ("Plaintiff's Response"), Docket Entry No. 37, pp. 1-2.

[30]Order, Docket Entry No. 39, p. 9.

## II. **Discussion**

Rule 4(m) of the Federal Rules of Civil Procedure sets a time limit for a plaintiff to effect service of process. See Fed. R. Civ. P. 4(m). According to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. Rule 4(l) requires proof of service be made to the court, unless service is waived. See Fed. R. Civ. P. 4(l). A district court "enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." George v. U.S. Dept. of Labor, Occupational Safety & Health Admin., 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam); see also Hawkins v. Potter, 234 F. App'x 188, 189 (5th Cir. 2007) (per curiam).

When timely service is not made, the party responsible for service has the burden to show "good cause" for failing to effect service within the time allowed. Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Id. at 511 (citation and internal quotation marks omitted). "Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is

normally required." Id. (citation and internal quotation marks omitted). If a plaintiff makes this showing, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Absent a showing of good cause, however, a court need not grant an extension of time. See Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996) ("[W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists.").

The court has extended the deadline for service more than once.[31] Cole has failed to present proof of service within the time allowed by Rule 4(m) or the extended deadlines established by the court. A pro se plaintiff is entitled to notice before a district court dismisses an action, sua sponte, for failure to timely serve the defendants under Rule 4(m). See Lindsey v. United States Railroad Retirement Bd., 101 F.3d 444, 446 (5th Cir. 1996). The burden is on the plaintiff to show cause why service was not effected in a timely manner and why the suit should not be dismissed. See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993) (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985)).

Cole was given ample notice that it was his responsibility to effect service of process in the Order entered on July 14, 2022.[32]

---

[31]See Order dated August 2, 2022, Docket Entry No. 27, p. 2; Order dated March 16, 2023, Docket Entry No. 39, p. 9.

[32]See Order, Docket Entry No. 22, pp. 2-3 ¶ 3.

Cole was also advised by the State Attorney General's Office on November 7, 2022, that his attempt to serve the defendants without using registered or certified mail was improper under Rule 4(e).[33]

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, an individual residing within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Texas law allows a defendant in a civil action to be served with citation by registered or certified mail, return receipt requested. See Tex. R. Civ. P. 106(a)(2). A return of citation served by registered or certified mail must contain the return receipt, and the latter must contain the addressee's signature. See Tex. R. Civ. P. 107(c). However, service by registered or certified mail must, if requested, be made by the clerk of the court in which the case is pending. See Tex. R. Civ. P. 103. No person who is a party to or interested in the outcome of a suit may serve any process in that suit. See id.

On December 2, 2022, the court issued an Order to Show Cause, asking Cole to provide an explanation for his failure to properly serve the defendants in a timely manner under Rule 4(m).[34] As cause for his failure to serve the defendants properly, Cole alleges that TDCJ is to blame for not providing postage for certified mail

---

[33]See Advisory, Docket Entry No. 34, p. 2.

[34]Order to Show Cause, Docket Entry No. 36, pp. 4-5.

-10-

through its "Indigent Program."[35] However, Cole paid the filing fee for this case, and he has not presented proof that he is indigent or that he lacked sufficient funds to pay for certified mail during the relevant time period. As a result, this allegation is insufficient to establish cause.

The Fifth Circuit has emphasized that "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." Thrasher, 709 F.3d at 512. Cole has known that it was his responsibility to serve the defendants since July 14, 2022.[36] He received additional notice of his failure to comply with Rule 4(m) on November 7, 2022, when the Attorney General's Office filed their Advisory and confirmed that none of the defendants had been properly served in a manner required under Rule 4(e).[37] Other than pointing to his status as a pro se prisoner, Cole has offered no explanation for his failure to follow the rules governing service of process or to serve the defendants within the time allowed. Cole has not otherwise provided details or a chronology showing that he pursued service with due diligence before the deadline expired.

Cole has requested that he be allowed to serve the defendants through the Office of the Attorney General or upon the Assistant

---

[35] Plaintiff's Response, Docket Entry No. 37, p. 1.

[36] See Order, Docket Entry No. 22, pp. 2-3 ¶ 2.

[37] See Advisory, Docket Entry No. 34, p. 2.

Attorney General who has appeared as amicus curiae.[38]  These requests will be denied because the Attorney General's Office is not an agent for service of process for state employees.  See, e.g., Fed. R. Civ. P. 4(e)(2)(C).  Nor can the Attorney General's Office represent the defendants without their express consent, which has not been given in this case.  See Thayer v. Adams, Civil Action No. H-07-0920, 2008 WL 11424134, at *3 (S.D. Tex. Jan. 18, 2008).

To the extent that Cole also asks the court to order the United States Marshal to effect service,[39] the court may only do so if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.  See Fed. R. Civ. P. 4(c)(3).  Cole, who is not eligible to proceed in forma pauperis, does not qualify for service by the United States Marshal unless he pays their fee.[40]  Cole does not indicate that he has contacted the United States Marshal's Office or the Clerk's Office to inquire about the costs of service. The court also declines Cole's request to appoint an attorney or an investigator to assist him because he has not shown that he has pursued service with the requisite diligence, and he has not provided proof of indigence.[41]  See 28 U.S.C. § 1915(e)(1).

---

[38]See Plaintiff's Motion to Show Cause, Docket Entry No. 45, p. 2; Motion to Serve the Attorney General, Docket Entry No. 46, p. 4.

[39]See Plaintiff's Motion to Show Cause, Docket Entry No. 45, p. 2.

[40]As noted herein at p. 5 n.15, Cole is not eligible to proceed in forma pauperis because he is barred by the "three-strikes" rule found in 28 U.S.C. § 1915(g).

[41]See Motion for Proof of Service, Docket Entry No. 44, p. 3.

Licensed attorneys are not process servers, and the court does not have resources to employ investigators on behalf of pro se litigants in a civil case.

Cole also asks the court to order the Attorney General's Office to pay the United States Marshal's fee to serve defendants or to hire a process server to locate and serve the defendants.[42] Rule 4(d) of the Federal Rules of Civil Procedure requires a defendant who fails to waive service without good cause to pay expenses incurred in making service. See Fed. R. Civ. P. 4(d)(2). However, there is no showing that Cole has ever sought waiver of service from the defendants under Rule 4(d), which requires a party to provide notice of suit and a copy of the complaint. See Fed. R. Civ. P. 4(d)(1). Instead, Cole has filed a motion asking the court to waive service on behalf of the defendants by excusing him from having to serve them.[43] Neither the Attorney General's Office nor the court has authority to waive the service requirement on behalf of the defendants. Cole's request will therefore be denied along with his other motions, which do not establish that he has effected service in a proper manner and do not demonstrate cause for his failure to do so. See Calhoun v. City of Houston Police Dep't., 855 F. App'x 917, 921 (5th Cir. 2021) (per curiam) ("[A plaintiff] cannot receive a free pass on the requirements for service of process simply because he is litigating his case pro se.").

---

[42] See Motion to Serve the Attorney General, Docket Entry No. 46, p. 4.

[43] See Motion to Waive Service, Docket Entry No. 48, p. 3.

Other than pointing to his status as a pro se litigant, which is not sufficient to show good cause, Cole has not articulated a valid excuse for his failure to serve the defendants properly in compliance with Rule 4(m). See Thrasher, 709 F.3d at 512. Absent a showing of good cause, the court declines to further extend the time for service. See id. at 514; Hawkins v. Potter, 234 F. App'x 188, 190, 2007 WL 1453741, at *1 (5th Cir. 2007) (per curiam). The court recognizes that heightened scrutiny is required because the statute of limitations on Cole's claims has run and a dismissal under Rule 4(m) will operate as a dismissal with prejudice.[44] See Thrasher, 709 F.3d at 512. Nevertheless, the court has already granted Cole more than one extension of time, and months have passed without service despite an express warning in the Order to Show Cause that this case could be dismissed for failure to comply with Rule 4(m).[45]

As an alternative to dismissal, the court has considered lesser sanctions, including fines, conditional dismissal, and explicit warnings. See Thrasher, 709 F.3d at 514. However, the court has already issued explicit dismissal warnings in the Order that issued summons on July 14, 2022,[46] and the Order to Show

---

[44] The plaintiff's civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. See Winfrey v. Rogers, 901 F.3d 483, 492 (5th Cir. 2018); Tex. Civ. Prac. & Rem. Code § 16.003(a).

[45] Order to Show Cause, Docket Entry No. 36, pp. 4-5.

[46] Order, Docket Entry No. 22, p. 3 ¶ 2.

Cause.[47]  Those Orders issued months ago, and the plaintiff has offered no reasonable explanation for his failure to comply with the rules governing service or his delay.  The Fifth Circuit has affirmed dismissal with prejudice for failure to comply with Rule 4(m) in cases in which the delay is caused by the plaintiff. See Millan v. USAA General Indemnity Co., 546 F.3d 321, 326 (5th Cir. 2008).  Under the circumstances of this case, the court concludes that neither a fine nor a conditional dismissal would serve the interest of justice.  Therefore, the court will dismiss this case for failure to comply with Rule 4(m).

### III.  Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Gary Anthony Cole, Sr. (Docket Entry No. 1) is **DISMISSED without prejudice** for failure to effect service in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

2. Cole's Motion for Proof of Service of Summons and Complaint on the Defendants, Certified, Return Green Card (Docket Entry No. 44); Motion to Show Cause and Proof of Service as to Rule Four (4) of Federal Rules of Civil Procedures (Docket Entry No. 45); Motion to Serve Summons and Complaint on the State[']s Attorney General of Texas, Ken Paxton and Assistant Attorney General Marlayna Ellis, Attorneys for the Defendants (Docket Entry No. 46); and Motion to Waive Service of Summons and Complaint on the Defendants (Docket Entry No. 48) are **DENIED**.

---

[47]Order to Show Cause, Docket Entry No. 36, pp. 4-5.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties of record.

**SIGNED** at Houston, Texas, on this the 8th day of August, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE